UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IHX (UK) LTD.,

                      Plaintiff,

- against -

ASHAPURA MINECHEM LIMITED

                      Defendant.
------------------------------------------------------------X

Case No.: 08 CV _____ ( )

**VERIFIED COMPLAINT**

JUDGE SCHEINDLIN

08 CV 9436

Plaintiff IXH (UK) LTD. ("Plaintiff"), by and through its attorneys, Clyde & Co US LLP, as and for its Verified Complaint against the Defendant ASHAPURA MINECHEM LIMITED ("Defendant"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

2. At all times material hereto, Plaintiff was and is a foreign business entity duly organized and existing under the laws of the United Kingdom.

3. Upon information and belief, at all times material hereto, Defendant was and is a foreign business entity duly organized and existing under the laws of India.

4. On or about October 25, 2007, Plaintiff (as Disponent Owner), and Defendant (as Charterer) entered into a Contract of Affreightment dated October 25, 2007, certain terms of which later were amended pursuant to an Addendum No. 1 dated November 24, 2007, for the shipment of bulk bauxite (the "COA").

5.  Pursuant to the COA, the parties agreed to ship a minimum of ten (10) shipments of bulk bauxite each year during 2008, 2009 and 2010, with Plaintiff having the option to perform one additional shipment each year.

6.  Pursuant to the COA, each shipment would be between 45,000 – 50,000 metric tons, with 10% more or less at Plaintiff's option. Accordingly, Plaintiff could accept up to 55,000 metric tons per shipment and earn freight on that amount.

7.  Pursuant to the COA, the agreed freight for the first seven (7) shipments each year was USD$32 per metric ton. The freight for the remaining four (4) shipments each year was USD$30 per metric ton.

8.  The first three shipments in 2008 under the COA were performed without incident.

9.  Prior to September 30, 2008, and in accordance with terms of the COA, Plaintiff thereafter nominated vessels to perform the fourth, fifth, sixth and seventh shipments in 2008.

10. After receiving the vessel nominations for the fourth, fifth, sixth and seventh shipments in 2008, Defendant failed to timely confirm those nominations as it was required to do under the terms of the COA.

11. Thereafter, on September 30, 2008, Defendant advised Plaintiff that it had "terminated" the COA and would not perform any of the remaining shipments provided for under the COA.

12. Defendant's termination of the COA was done without legal justification or authority and constitutes a breach of the COA.

13. As a result of Defendant's breach of the COA, Plaintiff has suffered damages for the loss of freight that would have been earned under the COA in the total amount of at least

$20,359,451, as best as can presently be calculated. The calculation of Plaintiff's damages is set forth in the Exhibit "A" hereto.

14. Despite due demand, Defendant has refused to perform its obligations under the COA or to pay the above described damages to Plaintiff.

15. Plaintiff has complied with all terms and obligations of the COA.

16. As a result of Defendant's breach of the COA, Plaintiff has sustained damages in the total principal amount of at least $20,359,452, exclusive of interest, costs and attorneys fees.

17. The COA provides that all disputes arising under the COA are to be submitted to Arbitration in London, with English law to apply.

18. Plaintiff is preparing to commence the London Arbitration which, upon information and belief, will take approximately three (3) years to complete.

19. Interest, costs and attorneys' fees routinely are awarded to the prevailing party in London Arbitration pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Principal claim | $20,359,452.00; |
| B. | Estimated interest on claim- 3 years at 7.5% compounded quarterly: | $ 5,084,083.00; |
| C. | Estimated attorneys' fees and expenses: | $   500,000.00; |
| | Total: | $25,943,535.00 |

20. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court,

held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

21. The Plaintiff seeks an order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claims as described above.

WHEREFORE, Plaintiff prays as follows:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it in the sum of $25,943,535.00;

B That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any funds up to the amount of $25,943,535.00 belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

D.  That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

E.  That in the alternative, this Court enter Judgment against the Defendant on the claims set forth herein;

F.  That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

G.  That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: November 3, 2008
New York, New York

CLYDE & CO US LLP

By: _____
Christopher Carlsen (CC 9628)
405 Lexington Avenue
New York, New York 10174
Tel: (212) 710-3900
Fax: (212) 710-3950
christopher.carlsen@clydeco.us

Attorneys for Plaintiff

**EXHIBIT A**

17-Oct-08

Ashapura COA 2008 2009 2010 - 10 shipments plus 1 in owners' option p.a.
Charterers' repudiation - Damages claim calculation

| 2008 Shipment | Date of Owners' Nomination | BSI R7 Index Estimated | Target TCE | of the COA Loss |
|---|---|---|---|---|
| 1st | Performed | | | |
| 2nd | Performed | | | |
| 3rd | Performed | | | |
| 4th | 30-May-08 | | $48,152 | $0 |
| 5th | 30-May-08 | | $48,152 | $0 |
| 6th | 18-Jul-08 | | $48,152 | $0 |
| 7th | 19-Aug-08 | $36,708 | $48,152 | $336,798 |
| 8th | 15-Sep-08 | $19,917 | $44,451 | $664,129 |
| 9th | 15-Oct-08 | $7,317 | $44,451 | $982,718 |
| 10th | 15-Nov-08 | $6,875 | $44,451 | $993,894 |
| 11th | 15-Dec-08 | $6,875 | $44,451 | $993,894 |
| | | | | $3,971,432 |

| 2009 Shipment | Date of Owners' Nomination | BSI R7 Index Estimated | Target TCE | of the COA Loss |
|---|---|---|---|---|
| 1st | | $7,906 | $48,152 | $1,065,051 |
| 2nd | | $7,906 | $48,152 | $1,065,051 |
| 3rd | | $7,906 | $48,152 | $1,065,051 |
| 4th | | $7,906 | $48,152 | $1,065,051 |
| 5th | | $7,906 | $48,152 | $1,065,051 |
| 6th | | $7,906 | $48,152 | $1,065,051 |
| 7th | | $7,906 | $48,152 | $1,055,051 |
| 8th | | $7,906 | $44,451 | $967,826 |
| 9th | | $7,906 | $44,451 | $967,826 |
| 10th | | $7,906 | $44,451 | $967,826 |
| 11th | | $7,906 | $44,451 | $967,826 |
| | | | | $8,131,505 |

| 2010 Shipment | Date of Owners' Nomination | BSI R7 Index Estimated | Target TCE | of the COA Loss |
|---|---|---|---|---|
| 1st | | $7,288 | $48,152 | $1,080,677 |
| 2nd | | $7,288 | $48,152 | $1,080,677 |
| 3rd | | $7,288 | $48,152 | $1,080,677 |
| 4th | | $7,288 | $48,152 | $1,080,677 |
| 5th | | $7,288 | $48,152 | $1,080,677 |
| 6th | | $7,288 | $48,152 | $1,080,677 |
| 7th | | $7,288 | $48,152 | $1,080,677 |
| 8th | | $7,288 | $44,451 | $983,452 |
| 9th | | $7,288 | $44,451 | $983,452 |
| 10th | | $7,288 | $44,451 | $983,452 |
| 11th | | $7,288 | $44,451 | $983,452 |
| | | | | $8,256,514 |

Total damages = $20,359,451

# VERIFICATION

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

1. My name is Christopher Carlsen.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a member in the firm of Clyde & Co US LLP, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my beliefs are the statements made, and the documents and information received from, the Plaintiffs and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   November 3, 2008
         New York, New York

_____
Christopher Carlsen

Sworn to before me this 3rd
day of November, 2008

_____
Notary Public
BARRY S. ALEXANDER
Notary Public, State of New York
No. 02AL6128147
Qualified in New York County
Commission Expires June 06, 2009

6