UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

IHX (UK) LTD.,

    Petitioner,

- against -

ASHAPURA MINECHEM LIMITED,

    Respondent.

------------------------------------------------------X

**MEMORANDUM**
**OPINION AND ORDER**

08 Civ. 9436 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.   INTRODUCTION

    Petitioner, IHX (UK) Limited ("IHX"), has moved for an order recognizing and confirming a foreign arbitral award entered against Respondent, Ashapura Minechem Limited ("Ashapura").[1] Ashapura did not oppose or otherwise respond to IHX's motion. For the reasons stated below, the award to IHX in the amount of $24,157,442.00, plus interest, is confirmed.

## II.   BACKGROUND

---

[1] *See* Notice of Motion to Recognize and Enforce Foreign Arbitral Award.

1

On October 25, 2007, IHX and Ashapura entered into a Contract of Affreightment (COA).[2] According to the COA, the parties were obligated to ship a minimum of ten shipments of bulk bauxite each year during 2008, 2009, and 2010, with IHX having the option to perform one additional shipment each year.[3] The COA contains an arbitration clause providing that disputes will be subject to arbitration in London with English law to apply.[4]

After the first three shipments were performed in accordance with the COA, Ashapura stopped complying with the agreement and notified IHX that Ashapura was "terminating" the COA.[5] The dispute was submitted to arbitration in London and Alan Oakley was appointed as the sole arbitrator.[6] On July 8, 2009, Oakley issued a Final Arbitration Award ("Award") finding that Ashapura had breached the COA.[7] The Award granted IHX $24,157,442.00, plus interest at a

---

[2]   See Declaration of Michael Kelly in Support of Plaintiff's Petition to Confirm Arbitration Award ("Kelly Decl.") ¶ 3.

[3]   See id. ¶ 5; Contract of Affreightment, add. 1.

[4]   See Kelly Decl. ¶ 4; Contract of Affreightment, cl. 28.

[5]   See Kelly Decl. ¶¶ 8-11.

[6]   See id. ¶¶ 12-13.

[7]   See id. ¶ 20; Final Arbitration Award ("Award"), Ex. B to Kelly Decl., at 14.

2

rate of two percent per annum or pro rata, compounded quarterly.[8] The Award also granted IHX's costs in obtaining the award — to be assessed at IHX's option by the English High Court or Oakley — plus interest at a rate of 4.5% per annum or pro rata, compounded quarterly.[9]

The Award is final.[10] Ashapura did not seek an appeal within the time permitted by English law[11] and has yet to pay IHX any portion of the Award.[12]

## III.   APPLICABLE LAW

### A.   Confirmation of a Foreign Arbitral Award

The United States and the United Kingdom are both signatories to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention").[13] Under the United States legislation implementing the

---

[8]   *See* Award at 5.

[9]   *See id.* at 6.

[10]  *See id.*

[11]  *See* Arbitration Act, 1996, c. 23, § 70(3), (Eng.) (to appeal an arbitration award, appellant must file an appeal — or an application for leave to appeal — within twenty-eight days of the award's issuance).

[12]  *See* Kelly Decl. ¶¶ 23, 21.

[13]  *See* 21 U.S.T. 2517.

Convention:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.[14]

Article V of the Convention provides that a court may refuse to confirm or enforce an arbitral award when:

> (a) The parties to the agreement . . . were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or
>
> (b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or
>
> (c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or
>
> (d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the

---

[14] 9 U.S.C. § 207.

4

parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or

(e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.[15]

A court may also refuse to enforce an arbitral award under Article V if "[t]he subject matter of the difference is not capable of settlement by arbitration under the law of [the country where enforcement is sought]" or if "recognition or enforcement of the award would be contrary to the public policy of that country."[16] The party opposing enforcement of the award has the burden of proving that one of the seven Article V defenses applies.[17] "The burden is a heavy one, as the showing required to avoid summary confirmance is high" and review of arbitral awards under the Convention "is very limited in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation."[18]

The United States Court of Appeals for the Second Circuit has held

---

[15] 21 U.S.T. 2517, art. V(1).

[16] *Id.* art. V(2).

[17] *See Zeiler v. Deitsch*, 500 F.3d 157, 164 (2d Cir. 2007).

[18] *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005) (quotations and citations omitted).

that when a district court confirms a foreign arbitral award, the post-judgement interest rate is governed by Section 1961 of Title 28 of the United States Code.[19] Section 1961 states that "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." Once a foreign arbitral award is confirmed, the interest rate stated in the award must conform to Section 1961.[20]

## IV. DISCUSSION

IHX meets the Convention's requirements for confirmation of the Award. *First*, IHX's motion for confirmation is brought within the three year statute of limitations, as the motion was filed only forty-eight days after the Award was issued. *Second*, this court has jurisdiction to hear IHX's motion under section 203 of Title 9 of the United States Code, which states "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of

---

[19] *See Carte Blanche (Singapore) PTE, Ltd. v. Carte Blanche Int'l, Ltd.*, 888 F.2d 260, 269 (2d Cir. 1989).

[20] *See id.* at 269-270 (affirming the district court's award of post judgement interest at a rate in accordance with 28 U.S.C. § 1961 rather than as specified under the arbitral award because "the language of § 1961 is mandatory").

the United States. The district courts of the United States shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." *Third*, Ashapura failed to oppose IHX's motion. Accordingly, Ashapura has failed to show that any of the Article V defenses apply.

IHX's motion to confirm the Award against Ashapura is granted. Judgement will be entered in the amount of $24,267,333.67, plus costs to be assessed at IHX's option. This amount represents the total due under the Award, plus interest accrued on the damages to the date of this Opinion and Order. As the Awards directs, interest will continue to accrue on the damages until the date of payment. This post-judgment interest will accrue according to Section 1961 of Title 28 of the United States Code.

## V. CONCLUSION

For the reasons set forth above, IHX's motion to confirm the foreign arbitral award is granted. The Clerk of the Court is directed to close this motion (document # 10) and this case. The Clerk is further directed to prepare a final judgment consistent with this Opinion and Order.

SO ORDERED:
7

                                                                                                    _____
                                                                                                    Shira A. Scheindlin
                                                                                                    U.S.D.J.

Dated:      New York, New York
               October 1, 2009

- Appearances -

**For Petitioner:**

Christopher Carlson, Esq.
Clyde & Co. US LLP
405 Lexington Avenue
New York , NY 10174
(212) 710-3900