UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ X

IHK (UK) LTD.,

              **Plaintiff,**

       - against -

ASHAPURA MINECHEM LIMITED,

            **Defendant.**

------------------------------------------------ X

**MEMORANDUM
OPINION AND ORDER**

**08 Civ. 9436 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

On November 26, 2008, this Court authorized the issuance of a
process of maritime attachment and garnishment ("PMAG") "against all tangible
or intangible property" belonging to Ashapura Minechem Limited ("Ashapura") by
any garnishees in this District.[1]  Pursuant to the PMAG, IHX (UK) Ltd. ("IHX")
attached Ashapura's assets in the form of electronic fund transfers ("EFTs") at
garnishee banks in New York totaling $95,489.04, comprised of three attachments:
(1) February 19, 2009, $84,720.00; (2) March 20, 2009, $9,270.00; and (3) June 9,
2009, $1,499.04.[2]  These funds were also attached by three plaintiffs in unrelated

---

[1]      Rule B Order, November 26, 2008.

[2]      *See* Plaintiff's Memorandum of Law in Opposition to Motion to
Vacate ("Pl. Opp.") at 2.

Rule B actions commenced against Ashapura.[3]  On September 1, 2009, Eitzen Bulk A/S, a plaintiff in one action, commenced an interpleader action against the other three plaintiffs – including IHX –  seeking to determine priority to the attached funds among the competing plaintiffs.[4]  It was then determined that one of the plaintiffs, Armada (Singapore) Pte Ltd. ("Armada"), had filed for bankruptcy protection in Singapore and a recognition proceeding under Chapter 15 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.[5]  An automatic stay – which remains in effect – was imposed on further proceedings in the interpleader action.[6]  On August 25, 2009, IHX moved to recognize and enforce the foreign arbitration award that the funds had secured.[7]  On October 1, 2009, IHX's motion was granted, judgment entered in its favor, and the case closed.[8]

---

[3]      *See* Declaration of Christopher Carlsen in Opposition to Motion to Vacate ¶ 12.

[4]      *See id.*

[5]      *See id.* ¶ 13.

[6]      *See id.*

[7]      *See* 8/25/09 Motion to Recognize and Enforce Foreign Arbitration Award.

[8]      *See IHX (UK) Ltd. v. Ashapura Minechem Ltd.*, No. 08 Civ. 9436, 2009 WL 3169541 (S.D.N.Y. Oct. 1, 2009).

On October 16, 2009, the United States Court of Appeals for the
Second Circuit issued *Shipping Corporation of India Ltd. v. Jaldhi Overseas Pte
Ltd.*, holding, *inter alia*, that "[b]ecause EFTs in the temporary possession of an
intermediary bank are not property of either the originator or the beneficiary under
New York law, they cannot be subject to attachment under Rule B."[9]  On
November 13, 2009, the Second Circuit issued *Hawknet, Ltd. v. Overseas Shipping
Agencies*, holding that *Shipping Corporation of India* applies retroactively.[10]  EFTs
may no longer be relied upon to maintain jurisdiction over a defendant that "'is not
found within the district'" and, as a result, a district court "would have to conclude
that it can exercise personal jurisdiction over the defendant by some other
means."[11]  The Second Circuit remanded the action "to the District Court with
instructions to enter an order to show cause why it should not dismiss the
complaint for lack of personal jurisdiction."[12]  On November 9, 2009, Ashapura
moved to vacate the attachments pursuant to Rule E(4) of the Supplemental Rules

---

[9]     585 F.3d 58, 71 (2d Cir. 2009).

[10]    No. 09 Civ. 2128, 2009 WL 3790654, at *3 (2d Cir. Nov. 13, 2009).

[11]    *Id.* (quoting Fed. R. Civ. P. Supp. R. B(1)(a)).

[12]    *Id.*

for Admiralty or Maritime Claims and Asset Forfeiture.[13] IHX opposed on the grounds that an attachment cannot be vacated post-judgment, Ashapura's motion is barred by the bankruptcy stay, and *Shipping Corporation of India* should not apply retroactively for equity reasons.[14]

Having considered the parties' positions in light of *Shipping Corporation of India* and *Hawknet*, Ashapura's motion is granted. Rule E(4) provides that "whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated."[15] IHX argues that Rule E(4) may not be relied upon post-judgment because "'Rule B is not a post-judgment remedy.'"[16] IHX urges that "[i]f Rule B can only be used pre-judgment, then it is only logical that attempts to vacate such a prejudgment remedy can only be made pre-judgment as well."[17]

IHX's logic is faulty. Rule B and Rule E serve different purposes.

---

[13]    *See* Memorandum of Law of Ashapura In Support of Its Motion to Vacate the Maritime Attachment of Assets at 1.

[14]    *See* Pl. Opp.

[15]    Fed. R. Civ. P. Adm. Supp. Rule E(4).

[16]    Pl. Opp. at 2 (quoting *Stolt-Nielsen Transp. Group. v. Lio Yag Sanayi ve Ticaret A.S.*, 330 Fed. Appx. 207, 208 (2d Cir. 2009)).

[17]    *Id.*

Rule B serves to establish jurisdiction over a defendant that cannot be found within the District and to secure a plaintiff's claims in pending litigation.[18]  Rule E serves to protect that defendant's due process rights, which may have been infringed upon by the Rule B order itself.[19]  Rule E(4) is typically invoked to address the due process concerns raised by issuing an ex parte order, but Rule E(4) is not limited to that issue.  Ashapura's rights were infringed upon because this Court issued an order permitting IHX to attach Ashapura's EFTs when it lacked the jurisdiction to do so.  Rule E(4) is the appropriate mechanism for Ashapura to seek relief.

IHX's argument based on the bankruptcy stay also fails.  Armada is not a party to this lawsuit.  Holding that IHX has no right to Ashapura's attached funds has no bearing on whether Armada has such a right and whether Armada's creditors may attach them.  Granting Ashapura's motion is not contrary to the bankruptcy stay.

---

[18]     *See Williamson v. Recovery Ltd. P'ship*, 542 F.3d 43, 48 (2d Cir. 2008) ("Maritime attachment is a prejudgment mechanism used by parties in admiralty cases to secure jurisdiction over an absent party and to obtain security for potential judgment where the absent party's assets are transitory.").

[19]     *See id.* at 51 ("'Rule E(4)(f) is designed to satisfy the constitutional requirement of due process by guaranteeing to [the property owner] a prompt post-seizure hearing at which [the property owner] can attack the complaint, the arrest, the security demanded, or any other alleged deficiency in the proceeding.'") (quoting Fed. R. Civ. P. Adm. Supp. R. E(4)(f), Advisory Committee Note to 1985 Amendment).

IHX's only remaining argument is that *Shipping Corporation of India*
and *Hawnet* should not be applied retroactively due to equity considerations.
Specifically, IHX claims that it relied on the Second Circuit's prior decisions
upholding maritime attachments and now will be unable to secure the judgment
already awarded in arbitration. IHX's contention is not compelling, particularly
where the initial attachment was infirm and IHX has been unable to show that this
Court has any basis to exercise jurisdiction over Ashapura.[20] The funds have been
attached nearly ten months. There is no reason to continue the attachment any
longer.

Ashapura's motion to vacate the attachment of EFTs made pursuant to
this Court's Rule B order is granted.

IT IS HEREBY ORDERED that the ex parte Order for Process of
Attachment and Garnishment issued in this action be vacated.

IT IS FURTHER ORDERED that any funds attached as EFTs
pursuant to that Order be immediately released.

IT IS FURTHER ORDERED that the Complaint is hereby dismissed

---

[20]     *See Fedcom Europe Ltd. v. Spark Trading DMCC*, No. 08 Civ. 10717,
2009 WL 4042749, at *1 (S.D.N.Y. Nov. 23, 2009) (rejecting a similar
retroactivity argument, stating that "[i]n fact, the *Hawknet* decision strongly
suggests just the opposite: when a ruling establishes that courts lack jurisdiction
over a type of case, they are unable, without exception, to consider the merits of
such cases.").

without prejudice.  The Clerk of the Court is directed to close this motion (Docket

No. 15) and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            December 17, 2009

7

## - Appearances -

**For Plaintiff:**

Christopher Carlsen, Esq.
Clyde & Co US LLP
405 Lexington Avenue
New York, New York 10174
(212) 710-3900

**For Defendant:**

Charles B. Cummings, Esq.
Baker & McKenzie LLP
1114 Avenue of The Americas
New York, New York 10036
(212) 891-3780